**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **BRANDON VERRETT,** | § | **Civil Action No. _____** |
| **Individually and on behalf** | § | |
| **of all others similarly situated** | § | |
| | § | |
| *Plaintiff,* | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **PELICAN WASTE AND DEBRIS, LLC** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| *Defendant.* | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Brandon Verrett brings this action individually and on behalf of all current and former non-exempt Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Pelican Waste and Debris, LLC ("Defendant" or "Pelican") at any time from March 26, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 to recover unpaid wages, overtime wages, and other applicable penalties.

2.      Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Pelican who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer

facilities—throughout the United States at any time from March 26, 2017 through the final disposition of this matter.

3.   Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4.   During the relevant time period, Pelican has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5.   Specifically, Pelican's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6.   Pelican also does not compensate Plaintiff and the Putative Class Members for all hours spent performing mandatory pre-route and post-route vehicle inspections.

7.   The effect of Pelican's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Pelican has failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA.

8.   Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9.   Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10.     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11.     Plaintiff Brandon Verrett ("Verrett") was employed by Pelican during the relevant time period. Plaintiff Verrett did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The FLSA Collective Members are those current and former non-exempt Waste Disposal Drivers who were employed by Pelican, anywhere in the United States and at any time from March 26, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Verrett worked and was paid.

13.     Defendant Pelican Waste and Debris, LLC is a domestic limited liability corporation, licensed to and doing business in Louisiana, and may be served through its registered agent for service of process: **Roddie Matherne, 172 N. Lacarpe Circle, Houma, Louisiana 70360.**

## III.
## JURISDICTION & VENUE

14.     This Court has federal question jurisdiction over these claims pursuant to 28U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15.     This Court has personal jurisdiction over Pelican because the cause of action arose within this district as a result of Pelican's conduct within this District.

16.     Venue is proper in the Eastern District of Louisiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The written consent of Brandon Verrett is attached hereto as Exhibit "A."

17.     Specifically, Pelican's corporate headquarters are located in Houma, Louisiana, which is located within this District.

18.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

19.     Defendant Pelican is a full-service solid waste company providing waste collection, recycling and disposal services to commercial, industrial and residential customers across the state of Louisiana.[2]

20.     To provide its services, Pelican employed (and continues to employ) numerous Waste Disposal Drivers—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

21.     Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by Pelican for the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

22.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Pelican) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

23.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Pelican resulting in the complained of FLSA violations.

---

[2] *See* http://pelicanwaste.net/company.

24.     Pelican has a policy that Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked.

25.     Pelican was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

26.     When calculating Plaintiff and the Putative Class Members' hours each workweek, Pelican deducted (and continues to deduct) thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

27.     In other words, for each 5-day workweek, Pelican deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Pelican deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

28.     Pelican's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

29.     Pelican's systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

30.     In addition, as part of their job responsibilities, Plaintiff and the Putative Class Members have pre and post-trip vehicle inspections that they are required to perform at the beginning and end of each work shift.

31.     Plaintiff and the Putative Class Members' pre and post-trip inspections are integral and indispensable to their core job duties and therefore compensable under the FLSA.

32.     Plaintiff and the Putative Class Members' pre and post-trip inspections are not *de minimis* in nature as each inspection takes approximately fifteen (15) minutes to complete.

33.     Plaintiff and the Putative Class Members performed (and continue to perform) their pre and post-trip inspections "off-the-clock" and without pay.

34.     Pelican knew and at times directed Plaintiff and the Putative Class Members to perform their pre and post-trip inspections "off-the-clock" in violation of the FLSA.

35.     Specifically, Plaintiff Verrett was either clocked out by his supervisor or was told to clock out by his supervisor anytime he approached sixty (60) hours worked in any given workweek.

36.     Pelican did not (and does not) compensate Plaintiff and the Putative Class Members for performing their pre and post-trip inspections "off-the-clock."

37.     As a result of Pelican's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

38.     Pelican's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

39.     Pelican knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

40.     Pelican knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

41.     Pelican knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

42.     Pelican's actions therefore constitute willful violations under the FLSA and were not made in good faith.

**V.**

**CAUSE OF ACTION**

**A.     FLSA COVERAGE**

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     The FLSA Collective is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR PELICAN WASTE AND DEBRIS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

45.     At all times hereinafter mentioned, Pelican has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46.     At all times hereinafter mentioned, Pelican has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47.     At all times hereinafter mentioned, Pelican has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48.     Specifically, Pelican operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

49.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Pelican, these individuals provided services for Pelican that involved interstate commerce for purposes of the FLSA.

50.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Waste Disposal Drivers who assisted Pelican's customers throughout the United States. 29 U.S.C. § 203(j).

52.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53.     The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

54.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Pelican.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

55.     Pelican violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56.     Moreover, Pelican knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

57.     Pelican knew or should have known its pay practices were in violation of the FLSA.

58.     Pelican is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

59.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Pelican to pay them according to the law.

60.     The decision and practice by Pelican to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

61.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

62.     All previous paragraphs are incorporated as though fully set forth herein.

63.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Pelican's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

64.     Other similarly situated employees of Pelican have been victimized by Pelican's patterns, practices, and policies, which are in willful violation of the FLSA.

65.     The FLSA Collective Members are defined in Paragraph 44.

66.     Pelican's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Pelican, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

67.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

68.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

69.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

70.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Pelican will retain the proceeds of its violations.

72.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

**VI.**
**RELIEF SOUGHT**

74.     Plaintiff respectfully prays for judgment against Pelican as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring Pelican to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding Pelican liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order awarding the costs of this action;

e.      For an Order awarding attorneys' fees;

f.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.      For an Order awarding Plaintiff Verrett a service award as permitted by law;

h.      For an Order compelling the accounting of the books and records of Pelican, at Pelican's expense; and

i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   March 27, 2020

Respectfully submitted,

**BOHRER BRADY, LLC**

By:     /s/ Philip Bohrer
        **Philip Bohrer (#14089)**
        phil@bohrerbrady.com
        8712 Jefferson Highway, Suite B
        Baton Rouge, Louisiana 70809
        Telephone: (225) 925-5297
        Facsimile: (225) 231-7000

**ANDERSON ALEXANDER, PLLC**

By:     /s/ Clif Alexander
        **Clif Alexander** (*pro hac vice forthcoming*)
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson** (*pro hac vice forthcoming*)
        Texas Bar No. 24045189
        austin@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        *Attorneys for Plaintiff and the Putative*
        *Class Members*