UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| BRANDON VERRETT, | § | |
| Individually and on behalf | § | Civil Action No. 2:20-cv-01035-GGG-KWR |
| of all others similarly situated | § | |
| | § | |
| *Plaintiff,* | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| PELICAN WASTE AND DEBRIS, LLC | § | COLLECTIVE ACTION |
| | § | PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendant.* | § | |

## PLAINTIFF BRANDON VERRETT'S FIRST SET OF DISCOVERY TO DEFENDANT PELICAN WASTE AND DEBRIS, LLC

To: Pelican Waste and Debris, LLC, by and through its attorneys of record, Thomas J. Cortazzo, Michael Thompson, and Caroline Sanches, Lewis Brisbois Bisgaard & Smith LLP, 400 Poydras Street, Suite 1300, New Orleans, LA 70130, Tom.Cortazzo@lewisbrisbois.com, Michael.D.Thompson@lewisbrisbois.com, Caroline.Sanches@lewisbrisbois.com.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Brandon Verrett ("Plaintiff"), through his undersigned counsel, serves this First Set of Discovery on Defendant Pelican Waste and Debris, LLC ("Defendant" or "Pelican"). Plaintiff requests that any responsive documents be delivered to Clif Alexander, ANDERSON ALEXANDER, PLLC, 819 North Upper Broadway, Corpus Christi, Texas 78401.

Date: February 12, 2021              Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:  /s/ *Clif Alexander*
 **Clif Alexander** (*Admitted Pro Hac Vice*)
 Texas Bar No. 24064805
 clif@a2xlaw.com
 **Austin W. Anderson** (*Admitted Pro Hac Vice*)
 Texas Bar No. 24045189
 austin@a2xlaw.com
 **Lauren E. Braddy** (*Admitted Pro Hac Vice*)
 Texas Bar No. 24071993
 lauren@a2xlaw.com
 819 N. Upper Broadway
 Corpus Christi, Texas 78401
 Telephone: (361) 452-1279
 Facsimile: (361) 452-1284

**BOHRER BRADY, LLC**

By:  /s/ *Philip Bohrer*
 **Philip Bohrer (#14089)**
 phil@bohrerbrady.com
 8712 Jefferson Highway, Suite B
 Baton Rouge, Louisiana 70809
 Telephone: (225) 925-5297
 Facsimile: (225) 231-7000

 *Attorneys for Plaintiff and the Putative Class Members*

# CERTIFICATE OF SERVICE

This is to certify that on February 12, 2021, a copy of the above and foregoing discovery has been served on Defendant in accordance with the Federal Rules of Civil Procedure.

 /s/ *Clif Alexander*
 Clif Alexander

Please Note:

(1) With regard to information claimed to be confidential, please be advised that Plaintiff's counsel is willing to enter into a reasonable protective order which will prevent disclosure of such information to competitors, and are willing to make such agreements immediately so as not to delay production of such documents. If such arrangements are needed, please contact this office immediately and sufficiently far in advance of the deadline to respond to this discovery to allow such arrangements to be finalized.

(2) If a discovery request seeks the production of documents or things that do not presently exist, you are requested to state in your answer or objection that such documents do not exist, or that such documents never existed, and the reasons or other explanation for this non-existence or non-production of such documents.

(3) An objection that an interrogatory or request for production is overly broad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the request or interrogatory, and to make that portion of the response, which is not subject to such limitations.

(4) With respect to any documents or information claimed to be privileged and therefore exempt from discovery, request is hereby made that you produce a privilege log in compliance with the Federal Rules of Civil Procedure within 15 days of service of your responses.

## DEFINITIONS

For the purposes of these discovery requests, the following definitions shall apply:

A. "ORAL COMMUNICATION" means statements, questions, commands, and interjections, made orally and by suggestive conduct (*e.g.,* nods of the head), including without limitation communications made in person or by telephone or other oral communication device.

B. "DOCUMENT" means all written, reported, recorded, transcribed, punched, taped, filmed pictorial, or graphic matter of any kind or description, however produced or reproduced or maintained, which is in your possession, custody or control, including but not limited to, all letters, correspondence, electronically stored information, emails, attachments to emails, work orders, pamphlets, brochures, periodicals, telegrams, telexes, cables, telephone records and notations, invoices, receipts of sale, purchase or shipment, ledgers, journals and other formal or informal books of record and account, diaries, calendars, day books, studies, publications, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, releases, computer data, computer printouts, computer software, computer programs, electronic data tape recordings, video recordings, motion picture film, microfilm, warranties, transcriptions, intra-office drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals and data compilations of every kind or character, whether an original or a copy. Without limitation to the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. If any document requested was, but is no longer, in your possession or subject to your control, state what disposition was made of it, and the date or dates or approximate date or dates on which such disposition was made.

C. "PERSON" means natural person, corporation, partnership, unincorporated association, trust, governmental agency or body, and any other legal entity.

D. "IDENTIFY" or "PROVIDE THE IDENTITY," when used with reference to a natural person, means to provide the information set forth in Rule 26 with respect to persons with knowledge of relevant facts.

E. "IDENTIFY" or "PROVIDE THE IDENTITY," when used with reference to a corporation, partnership, firm, or other non-natural person means to provide the following information:

   (1) full name;

   (2) the address of its principal place of business;

   (3) if incorporated, its state of incorporation; and

   (4) if not incorporated, a description of its legal status (*e.g.*, partnership, unincorporated association, division with no independent legal status).

F.  "IDENTIFY" or "PROVIDE THE IDENTITY," when used with reference to a document or written communication, means to provide the following information:

   (1) the title and generic nature of the document (*e.g.,* letter, memorandum, e-mail);

   (2) the date of the document;

   (3) the identity of each person who wrote, signed, prepared, recorded, or otherwise generated the document;

   (4) the identity of each person to whom the document is addressed; and

   (5) a brief description of the contents of the document.

   In lieu of providing the foregoing, you may produce the document for inspection and copying, provided you specify the interrogatory to which the document is responsive.

G.  "IDENTIFY" or "PROVIDE THE IDENTITY," when used with reference to an oral communication, meeting, or conference, means to provide the following information:

   (1) the manner of the oral communication, meeting, or conference (*e.g.,* in person, by telephone);

   (2) the identify of each person who made or heard the oral communication, or who participated in the meeting or conference;

   (3) the date and place of the oral communication, meeting, or conference; and

   (4) a description of the subject matter of the oral communication, meeting, or conference.

H.  "COMPENSATION" refers to any remuneration, regardless of form, paid to employees in return for employment, including but not limited to salary, wages, bonuses, per diem, incentives, contingency fees, commission, deferred compensation, benefits and all other forms of compensation.

I.  "YOU" or "YOURS" refers to Defendant, Pelican Waste and Debris, LLC, to whom these discovery requests are addressed, as well as its employees, agents or representatives, including attorneys; and any person acting or purporting to act on its behalf.

J.  "PLAINTIFF" refers to Brandon Verrett.

K.  "PLAINTIFFS" refers to Brandon Verrett and all Opt-In Plaintiffs.

L.  "PUTATIVE CLASS MEMBERS" refers to all current and former Waste Disposal Drivers who worked for Defendant, Pelican Waste and Debris, LLC, anywhere in the United States, at any time within the relevant time-period.

M.     WRITING OR WRITTEN: The terms "writing" or "written" are intended to include, but not necessarily be limited to the following: hand writing, typewriting, computer printouts, printing, photographing, and every other means of recording upon any tangible thing or any form or combinations thereof; and it further includes any oral communication later reduced to a writing or confirmed by a letter.

N.     "ELECTRONICALLY STORED INFORMATION" includes but is not limited to all information stored, managed or maintained on or by computers, or information transmitted in electronic format by computer or other electronic device. This term specifically includes emails, attachments to emails, facsimiles, information stored in Defendant's intranet or internet system or website, information stored within a database or server, and information kept on separate storage mediums, including but not limited to CD-ROMs, memory sticks, portable hard drives, personal digital assistants, floppy disks, backup magnetic tapes, and backup storage on Defendant's intranet or internet system or website, extranet, cache files, internet browser history files, site log files, bookmarks, and cookies.

O.     "NATIVE FORMAT" refers to producing all documents in their original and native format. For example, a document created in Word should be produced in Word. A document created in Excel should be produced in Excel.

P.     "FLSA" refers to the Fair Labor Standards Act.

Q.     "RELEVANT WINDOW OF RECOVERY" or "RELEVANT TIME PERIOD" refers to the time period from March 27, 2017 through the present.

## CLAIMS OF PRIVILEGE

Whenever any Interrogatory or Request calls for the production of a document or the identification of a communication or conversation to which you claim privilege, include (1) the identification of such document or communication, (2) the dates of the communication or document, (3) the identity of the persons who were parties to the communications, (4) the fact that you claim privilege and the basis asserted for such claim.

## COMPLETE ANSWERS

In answering these Interrogatories and Requests you are requested to furnish all information which is available to you, including that which has been obtained by and that which is now in the possession of your attorneys, employees, agents and other representatives, and not merely the documents possessed by the individuals actually preparing the response.

## DUTY TO SUPPLEMENT

Each of the following Interrogatories or Requests is a continuing one. If you later obtain, or become aware of, any further information or documents pertaining to these Interrogatories, you are requested to supplement your answer in accordance with the Federal Rules of Civil Procedure.

## CONFERENCE AMONGST COUNSEL

In accordance with the Federal Rules of Civil Procedure and Local Rules, Plaintiff requests that counsel for the responding party confer with counsel for all parties affected by a discovery request and make a reasonable effort to resolve any discovery disputes prior to filing a motion or seeking court intervention regarding any discovery request or objection submitted.

## INTERROGATORIES

1. Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information that person provided.

2. Identify each person who is likely to have discoverable information regarding the claims and defenses of any party to this lawsuit, along with the subjects of that information. This includes, but is not limited to, Plaintiffs and the Putative Class Members, their co-workers, supervisors and other persons employed by you or by a third party that may have knowledge of any Plaintiff's employment or working relationship with you, such as work duties, conditions, hours, pay, and the creation, implementation, and continued ratification of the pay practices at issue.

3. Have any documents (including those maintained electronically) relating to the wage and overtime payments of Plaintiffs and the Putative Class Members, the wage and overtime policies and procedures for Plaintiffs and the Putative Class Members, your initial or supplemental Federal Rule of Civil Procedure 26(a) required disclosures, or any of your responses to an interrogatory, request for production, or request for admission been destroyed, discarded, or otherwise disposed of? If so, please identify such document by general description of contents, date of destruction, and reason for destruction.

4. Identify the (a) job title, (b) job duties, and (c) rates of pay for Plaintiffs and the Putative Class Members at any time during the relevant window of recovery.

5. Identify and describe all wages, bonuses, fringe benefits, and any other form of compensation that you paid to Plaintiffs and the Putative Class Members during the relevant time-period.

6. Identify and describe your policies and procedures regarding wage and overtime payment to Plaintiffs and the Putative Class Members during the relevant time-period (that is, through the present) by providing: (a) the date of implementation of your initial policies and procedures during this period; and (b) a description of any change(s) to such policies and procedures during this period and the date(s) that such changes were implemented.

7. Describe all of your reasonable, good-faith efforts to comply with, and not violate, the FLSA, and your reasonable grounds for believing that your actions or inactions or omissions were not in violation of the FLSA.

8. Describe why you did not willfully violate the FLSA.

9. Identify all claims, notices of claims, investigations, inquiries, and lawsuits involving you where an allegation was made that you failed to provide employees proper wage and overtime pay by providing the following:

    a. Name and address of all parties;

    b. The job titles or class of employees involved;

c. The names and address of the attorney representing the plaintiff/complainant;

d. The substance of the facts alleged;

e. If no suit was filed, the date on which you received notice of the claim;

f. If suit was filed, the date of filing and court and case number;

g. The disposition; and

h. The name and address of the person having custody of all records related to the matter.

10. Have you been the subject of any federal or state governmental investigation or inquiry for failure to comply with federal or state laws concerning payment of wages and overtime, including but not limited to the FLSA? If so, for each such investigation or inquiry, please provide:

    a. The date of the investigation or inquiry;

    b. The entity and/or governmental agency involved;

    c. The job titles or class of employees involved;

    d. The documents sent to the government agency; and

    e. The documents received by the government agency.

11. Identify your officers or employees who participated in any decision-making regarding the classification and payment of wages and overtime to Plaintiffs and the Putative Class Members, including but not limited to the implementation of the automatic meal deduction policy.

12. Do you claim that any "good faith" defense may be applicable to one or more claims made against you in this matter? If so, please state the factual and legal basis for your contention. A "good faith" defense, as used in the above interrogatory, includes those defenses set forth in Section 10 and 11 of the Portal to Portal Act, 29 U.S.C. §§ 259(a), and 260.

13. Do you claim that any classification, "good faith" defense (as defined in the preceding interrogatory), or policy or procedure regarding the payment of wages and overtime to Plaintiffs and the Putative Class Members was undertaken on the advice of legal counsel? If so, please provide the following:

    a. The identity of all officers or employees relying upon advice of legal counsel;

    b. The identity of legal counsel upon whose advise you relied;

    c. The date and subject of all meetings and communications with your legal counsel related to the claims as well as the identity of all persons present or involved; and

d. The identity of all documents related to your reliance on legal counsel.

14. Identify all current and former directors, members, officers, general managers, operational managers, safety managers, division supervisors, payroll supervisors, payroll processors, CFOs, driver dispatch personnel and all driver service coordinator employees employed at each of Pelican's waste disposal facilities at which Plaintiffs and the Putative Class Members have been employed, at any time since March 27, 2017 by name, dates of employment and facility location (including address). In the case of former employees, your answer should include the last known address, home telephone number(s), mobile telephone number(s) and email address(es).

15. Identify all current and former employees of Pelican, including any parent companies, charged with supervising and approval of payroll calculation and processing of Plaintiffs and the Putative Class Members' payroll for each of Pelican's waste disposal facilities at which Plaintiffs and the Putative Class Members have been employed, at any time since March 27, 2017 by name, job title and facility location (including address). In the case of former employees, your answer should include the last known address, home telephone number(s), mobile telephone number(s) and email address(es), if available of all former employees identified. This request requires Pelican to list the names of individuals who may supervise the local facilities at locations other than the facility itself, for example, supervisors in Houma, Louisiana who have management and supervisory duties over facilities in other parishes.

16. Identify each officer, director, manager or other representative or employee of Pelican that made decisions or polices or participated in the making of decisions or policies relating to the method of computation of the regular rate of compensation and the overtime rate of compensation for Plaintiffs and the Putative Class Members. Your answer should include all such employees employed in the corporate office, or any other person located in any other place who may have contributed to the decisions or policies relating to above.

17. Identify and describe your policies and procedures on how Plaintiffs and the Putative Class Members are monitored while in the line of business by explaining specifically: (a) how their route lengths and stops are logged; (b) and how GPS monitoring is tracked in connection with their route lengths and stops.

18. Identify and describe your policies and procedures on automatic meal break deductions for Plaintiffs and the Putative Class Members and how these deductions reflect the actual and accurate time taken while Plaintiffs and the Putative Class Members are on a meal break.

## REQUESTS FOR PRODUCTION

1. The documents containing discoverable information regarding the claims and defenses of any party to this lawsuit.

2. The documents identified or referenced in your Initial Disclosures.

3. The documents identified or referenced in your answers to Plaintiff's Interrogatories.

4. The documents identified or referenced in your responses to Plaintiff's Requests for Admission.

5. The documents that support or evidence any of the facts that support your Initial Disclosures and/or any Supplemental Disclosures.

6. The documents that support or evidence any of the facts that support your responses to Plaintiff's Interrogatories.

7. The documents that support or evidence any of the facts that support your responses to Plaintiff's Requests for Admission.

8. The photographs, films, video tapes, video images, audio tapes, and electronic recordings of any kind involving Plaintiff, specifically including the video images from the interior of the vehicles.

9. The documents, items, and things that you intend to offer into evidence at trial of this matter.

10. The documents sent by you or, received by you from, any person who may be called to give expert testimony.

11. The documents sent by you to, or received by you from, any consulting expert on whom any person who may be called to give expert testimony relies, in or in part, including periodicals, treatises, and pamphlets.

12. The full file of any person whom you can call to testify as an expert in this matter. This request specifically includes:

    a. Documents and tangible reports, physical models, compilations of data, and other material prepared by each such expert and/or for each such expert;

    b. Documents containing the factual observations, tests, supporting data, calculations, photographs, and/or opinions of each such expert; and

    c. The expert's current curriculum vitae.

13. The documents containing written or oral communications to any person that are related to the subject matter of this litigation (including e-mails and other materials maintained electronically). This request seeks only those documents, or those portions of the same, not protected by attorney-client and work-product privileges.

14. The documents reflecting your retention policy for documents (physical, electronic or otherwise) during the relevant time-period.

15. Your organizational directories during the relevant time-period.

16. The transcripts, minutes, written reports, audio or video recordings, or any other documents generated in connection with any meeting of your officers or employees related to the classification, job duties, and/or payment practices and policies applicable to Plaintiffs and the Putative Class Members .

17. The documents exchanged with local, state, and/or federal government agencies related to the wage and overtime pay claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders and/or reports.

18. The documents exchanged with local, state, and/or federal government agencies related to allegations regarding failure to properly pay wages and overtime pay other than those claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders and reports.

19. The documents recording or evidencing notices of claims or complaints (whether written or oral) concerning your failure to pay wages or overtime to Plaintiffs and the Putative Class Members, or any of your other employees. This search for such documents should include, but should not be limited to, reports from/to employees, filed managers, and office personnel, as well as inquiries from and reports to local, state, and federal government entities.

20. Produce the following documents for each instance of litigation, excluding this current litigation, involving claims of your failure to properly pay wages and overtime pay:

    a. Reports (including curriculum vitae) of experts retained by you

    b. Your expert deposition transcripts;

    c. Transcripts of trial;

    d. Your trial exhibit lists;

    e. The plaintiffs' trial exhibit lists; and

    f. The plaintiffs' most recent complaint/petition.

21. The documents produced by you in other litigation involving claims of your failure to pay wages and overtime, whether under the FLSA or otherwise, whether in state or federal court or in arbitration, and irrespective of the current stage of litigation, including those matters still pending and those in which a final judgment or a dismissal has been entered.

22. The documents contained within the complete employee file(s) for Plaintiffs and the Putative Class Members, including but not limited to their full employment records, payroll records, performance evaluations, adverse actions, printed or electronic correspondence, employment agreements, arbitration agreements, timesheets, and reimbursements.

23. The documents contained within the complete hiring packet(s) for Plaintiffs and the Putative Class Members, including but not limited to the job posting, employment application, submitted resume, offer of employment, and employment agreement.

24. The documents that contain your corporate policies and procedures regarding efforts to comply with the FLSA and associated regulations.

25. The documents maintained by you in order to meet any record-keeping requirements of the FLSA, including but not limited to those documents enumerated in 29 U.S.C. § 211(c) and 29 C.F.R. §§ 516, *et. seq*.

26. The job posting for any positions ultimately filled by Plaintiffs and the Putative Class Members.

27. The payroll records for Plaintiffs and the Putative Class Members during the relevant time-period.

28. The pay stubs for Plaintiffs and the Putative Class Members during the relevant time period.

29. Records documenting each time an automatic meal period deduction was taken against Plaintiffs and the Putative Class Members during the relevant time period.

30. Records documenting each time Plaintiffs and the Putative Class Members either filed a timecard correction report for a missed meal break or reported to their supervisor that they did not receive their full meal break and had the supervisor correct their time, during the relevant time period.

31. The documents reflecting any payment to Plaintiffs and the Putative Class Members that you allege entitles you to an offset during the relevant time period.

32. The documents containing records of all hours worked by Plaintiffs and the Putative Class Members during the relevant time-period, including but not limited to timecards, timecard correction reports, time sheets, worksheets, and invoices.

33. The documents relating the job duties of Plaintiffs and the Putative Class Members during the relevant time-period.

34. Please produce any and all documents, emails, attachments to emails, data, and electronically stored information in its native format in your possession, custody or control that concern, discuss, or relate to all job-related policies and/or procedures which Plaintiffs and the Putative Class Members had to comply with at any time during the relevant time period.

35. The employee handbooks, training programs, and any other documents provided to Plaintiffs and the Putative Class Members which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

36. The employee handbooks, training programs, and any other documents provided to Plaintiffs and the Putative Class Members which contain policies and procedures regarding the recording and/or payment of wages, bonuses, time worked, and overtime.

37. The documents, such as receipts or signature forms, reflecting Plaintiffs and the Putative Class Members acknowledgement of employee handbooks, training programs, or other documents containing corporate policies and procedures, codes of conduct, or guidelines of any kind.

38. The documents containing a review of Plaintiffs and the Putative Class Members' performance during the relevant time period.

39. The documents that reflect Plaintiffs and the Putative Class Members' termination.

40. The documents that reflect any adverse employment action taken by you in regard to Plaintiffs and the Putative Class Members.

41. Documents that reflect any adverse employment action, such as a write up, taken by you against Plaintiffs and the Putative Class Members because they performed their assigned route too slowly.

42. The documents containing any internal decision-making, correspondence, review, performance appraisal, memorandum, study or other evidence related to your decision to take any adverse employment action in regard to Plaintiffs and the Putative Class Members.

43. The documents containing or representing any settlement agreement with Plaintiffs and the Putative Class Members regarding the payment of wages or overtime during the relevant time-period.

44. The documents that relate, refer to, or evidence any offer (such as an offer of employment) that you made or induced a class member (whether directly or through a third party) in exchange for agreeing not to pursue a claim against you in this case.

45. Produce a true and correct copy of all written and/or recorded witness statements obtained in connection with your investigation in the factual bases of the above captioned lawsuit under which these discovery requests are served. The request also includes any statement(s) obtained by you that relates in any way to any affirmative defense advanced by Defendant in the lawsuit.

46. Produce any and all pay plans applicable to Plaintiffs and Putative Class Members during the relevant window of recovery.

47. Produce the GPS data for every route driven by Plaintiffs and the Putative Class Members during the relevant time period.

48. The completed IRS Form W-2 received by you and filed by you, or maintained by you, for Plaintiffs and the Putative Class Members during the relevant time period.

49. Any documents you will rely upon to prove you acted in good faith.

50. Any documents you will rely on to prove that Plaintiffs and the Putative Class Members are not similarly situated.

51. Any documents you will rely upon to prove that you did not act willfully in violating the FLSA.

52. Please produce all statements, questionnaires, declarations and/or affidavits that you have obtained from any person or company with respect to this litigation.

53. Produce all GPS tracking records for vehicles driven by Plaintiffs and the Putative Class Members during the relevant time period.

54. Produce all records you contend show that Plaintiffs and the Putative Class Members took an undisturbed thirty-minute meal break for any and all days during the relevant time period.

55. Produce all complaints, reports, or other documents submitted by any Plaintiff or Putative Class Member concerning unpaid work.

56. Produce all complaints, reports, or other documents submitted by any Plaintiff or Putative Class Member concerning the automatic meal break deductions.

57. Produce all complaints, reports, or other documents submitted by any Plaintiff or Putative Class Member concerning a time any individual did not get to take a meal break.

58. Produce all complaints, reports, or other documents submitted by any Plaintiff or Putative Class Member concerning not having enough time to complete their assigned route.

59. Produce a true and correct copy of all documents, including email correspondence, prepared or received by any officer, director, manager, supervisor, dispatcher, employee or other representative of Pelican (excluding such emails and documents prepared or received by Defendant's attorneys in connection with this lawsuit) concerning the following subject matters or topics from 2017 through the present:

    a. day rate,
    b. day pay,
    c. job pay,
    d. job rate,
    e. lift pay,
    f. lift rate,
    g. can pay,
    h. can rate,
    i. yards rate
    j. yards pay,
    k. extra pay,
    l. extra rate,
    m. hourly pay,
    n. hourly rate,
    o. overtime pay,
    p. overtime rate,
    q. incentive pay,
    r. incentive rate,
    s. Chinese overtime,
    t. regular rate,
    u. off the clock,

  v.  pre trip,
  w.  post trip,
  x.  driver(s) log(s),
  y.  route sheet,
  z.  on duty time,
  aa.  off duty time,
  bb.  driving time,
  cc.  meal time,
  dd.  meal periods,
  ee.  breaks,
  ff.  lunch period
  gg.  lunch break
  hh.  clocking in
  ii.  clocking out
  jj.  time clock adjustments
  kk.  Manual time adjustments
  ll.  driver(s) hour(s)
  mm.  safety meetings
  nn.  time adjustments
  oo.  calculating overtime
  pp.  calculating regular rate
  qq.  Department of Labor
  rr.  methods of calculating overtime
  ss.  methods of calculating regular rate
  tt.  calculating drivers' regular rate
  uu.  calculating drivers' overtime rate
  vv.  changing or editing driver logs
  ww.  pay formulas
  xx.  accuracy of overtime
  yy.  overtime formulas
  zz.  regular rate formulas
  aaa.  supervisors or managers clocking out drivers
  bbb.  wage violation(s)
  ccc.  FLSA violation(s)
  ddd.  Driver down time

## REQUESTS FOR ADMISSION

1. Admit that at all times during the relevant window of recovery you classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

2. Admit that at all times during the relevant window of recovery you classified the Putative Class Members as non-exempt from the overtime requirements of the FLSA.

3. Admit that at all times during the relevant window of recovery Plaintiffs were (and are) entitled to overtime compensation for all hours worked over forty in a workweek.

4. Admit that at all times during the relevant window of recovery the Putative Class Members were (and are) entitled to overtime compensation for all hours worked over forty in a workweek.

5. Admit that at all times during the relevant window of recovery Plaintiffs had (and have) a thirty-minute meal break automatically deducted from their daily hours.

6. Admit that at all times during the relevant window of recovery Putative Class Members had (and have) a thirty-minute meal break automatically deducted from their daily hours.

7. Admit that during the relevant window of recovery Plaintiffs did not always take a full undisturbed thirty-minute meal break during the work day.

8. Admit that during the relevant window of recovery Putative Class Members did not always take a full undisturbed thirty-minute meal break during the workday.

9. Admit that the trucks Plaintiffs and the Putative Class Members drove, that had GPS tracking on them, would have GPS data that would show whether the trucks had stopped for at least thirty minutes on any given day.

10. Admit you did not analyze the GPS data you possess to verify if each Plaintiff had stopped for at least thirty minutes every day.

11. Admit you did not analyze the GPS data you possess to verify if each Putative Class Member had stopped for at least thirty minutes every day.

12. Admit that at all times during the relevant window of recovery Plaintiffs were required to perform pre-trip vehicle inspections.

13. Admit that at all times during the relevant window of recovery the Putative Class Members were required to perform pre-trip vehicle inspections.

14. Admit that at all times during the relevant window of recovery Plaintiffs were required to perform post-trip vehicle inspections.

15. Admit that at all times during the relevant window of recovery the Putative Class Members were required to perform post-trip vehicle inspections.

16. Admit that at all times during the relevant window of recovery Plaintiffs were not compensated for all the time they spent performing pre-trip vehicle inspections.

17. Admit that at all times during the relevant window of recovery the Putative Class Members were not compensated for all the time they spent performing pre-trip vehicle inspections.

18. Admit that at all times during the relevant window of recovery Plaintiffs were not compensated for all the time they spent performing post-trip vehicle inspections.

19. Admit that at all times during the relevant window of recovery the Putative Class Members were not compensated for all the time they spent performing post-trip vehicle inspections.

20. Admit that you have urged Plaintiffs to finish their route(s) quickly.

21. Admit that you have urged the Putative Class Members to finish their route(s) quickly.

22. Admit that Plaintiffs could be disciplined if they performed their assigned route too slowly.

23. Admit that the Putative Class Members could be disciplined if they performed their assigned route too slowly.

24. Admit you have disciplined at least one Plaintiff or Putative Class Member because he/she performed his/her assigned routes too slowly.

25. Admit you have terminated at least one Plaintiff or Putative Class Member because he/she performed his/her assigned routes too slowly.

26. Admit that the waste disposal trucks driven by Plaintiffs on your behalf were equipped with GPS.

27. Admit that the waste disposal trucks driven by the Putative Class Members on your behalf were equipped with GPS.

28. Admit that the waste disposal trucks driven by Plaintiffs on your behalf were equipped with video cameras.

29. Admit that the waste disposal trucks driven by the Putative Class Members on your behalf were equipped with video cameras.

30. Admit that Plaintiffs did not take an uninterrupted thirty-minute meal period break every single workday during the relevant time period.

31. Admit that the Putative Class Members did not take an uninterrupted thirty-minute meal period break every single workday during the relevant time period.

32. Admit that you knew Plaintiffs did not take an uninterrupted thirty-minute meal period break every single workday during the relevant time period.

33. Admit that you knew the Putative Class Members did not take an uninterrupted thirty-minute meal period break every single workday during the relevant time period.

34. Admit that Plaintiffs were not paid for all hours worked on your behalf.

35. Admit that the Putative Class Members were not paid for all hours worked on your behalf.

36. Admit that Plaintiffs' regular rate of pay was miscalculated because you failed to pay them for all hours worked on your behalf.

37. Admit that the Putative Class Members' regular rates of pay were miscalculated because you failed to pay them for all hours worked on your behalf.

38. Admit that you paid Plaintiffs an hourly rate.

39. Admit that you paid the Putative Class Members an hourly rate.

40. Admit that each Plaintiff worked more than forty (40) hours per week during the relevant window of recovery.

41. Admit that each Putative Class Member worked more than forty (40) hours per week during the relevant window of recovery.

42. Admit that each Plaintiff was required to follow your company's policy/procedure manual(s).

43. Admit that each Putative Class Member was required to follow your company's policy/procedure manual(s).

44. Admit that you did not seek legal advice prior to implementing your pay policy to confirm whether or not your pay policy to not pay each Plaintiff and Putative Class Member for all hours worked complied with the FLSA.

45. Admit that you did not confer with the Department of Labor prior to implementing your pay policy to confirm whether your pay policy to not pay each Plaintiff and Putative Class Member for all hours worked complied with the FLSA.

46. Admit that you were aware of FLSA guidelines prompting payment of overtime wages at a premium rate for hours worked over 40 in a workweek.

47. Admit there are days in which you deducted thirty minutes during the relevant time period from a Plaintiff or Putative Class Member's wages, for a meal break, even though the truck's GPS data showed that the particular Plaintiff or Putative Class Member's truck never stopped for at least thirty minutes during their route that day.