UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON VERRETT, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 20-1035

PELICAN WASTE AND DEBRIS, LLC              SECTION: T(4)

## ORDER

Before the Court is a Motion for Certification of Collective Action and Request for Notice to Putative Class Members,[1] filed by Brandon Verrett ("Plaintiff"). Pelican Waste and Debris, LLC, ("Defendant") filed an opposition.[2] Plaintiff subsequentially filed a reply.[3] For the following reasons, the Motion is **DENIED**, and Plaintiff's duplicative motion is declared **MOOT**.[4]

## FACTS AND PROCEDURAL HISTORY

This dispute involves allegations of payroll practices in violation of the Fair Labor Standards Act ("FLSA").[5] Plaintiff worked as a Waste Disposal Driver for Defendant, a waste management company that provides collection services to customers across Louisiana. Defendant exercises an automatic deduction policy that subtracts thirty minutes per workday from an employee's on-the-clock-time for a lunch break. Plaintiff declares these deductions occur even though drivers regularly skip lunch or eat while working due to time constraints and, as a result, the "auto-deduction policy" unlawfully denies overtime compensation.[6]

---

[1] R. Doc. 24.
[2] R. Doc. 31.
[3] R. Doc. 39.
[4] There are two pending motions for conditional certification, R. Docs. 14 and 24. The motions appear identical, with Plaintiff filing a second time upon the joining of two additional plaintiffs. Accordingly, this order dispenses with both motions.
[5] 29 U.S.C. § 201, *et seq*.
[6] Plaintiff's complaint identifies two practices that generated this lawsuit. In addition to the "auto-deduction policy," Plaintiff seeks compensation for hours spent performing mandatory pre-route and post-route vehicle inspections. Plaintiff's motion for certification pertains only to the auto-deduction policy. *See* Joint Status Report, R. Doc. 58 at 4.

1

Plaintiff brings this action individually and on behalf of "[a]ll current and former waste disposal drivers who worked for Pelican Waste and Debris, LLC, anywhere in the United States, at any time from March 26, 2017 through the final disposition of this matter."[7] Six additional declarants joined this action following the filing of the original complaint; four of those have since withdrawn their claims without prejudice to re-file at a later date.

Plaintiff contends he has satisfied the burden for certification, and submits related requests should the Court grant the motion, including: (1) a proposed Form of Notice detailing relevant timelines;[8] (2) a request that notice be made via First Class Mail, e-mail, text message, and postings at Defendant's work sites; (3) an order for production of contact information; (4) an order approving the use of online, electronic signature opt-in forms; and (5) an order prohibiting retaliation by Pelican or their representatives against individuals who opt-in to this lawsuit.

Defendant primarily contends that Plaintiff's motion should be denied because it fails to allege any actionable FLSA violations to necessitate certification. Defendant notes the absence of a single, common policy because declarants operated in different locations under different managers who gave varying instructions. Defendant recognizes the automatic deduction policy but defends its legality, maintaining that employees are responsible for accurately tracking hours worked, including overtime, on their timecard. Defendant also highlights the relevant section of the Employee Handbook for notifying supervisors to correct a deduction like the one complained of here.[9] Thus, Defendant concludes, Plaintiff and declarants have not been subjected to an unlawful policy that prevented them from correcting automatic deductions.[10] In addition to their

---

[7] 29 U.S.C. § 216(b); R. Doc. 24-1 at 3.
[8] Plaintiff proposes a 60-day opt-in period, and further requests that notice be distributed twice—the first time within 21 days from an order approving notice, and the second time within 30 days of the date initial notice is distributed. The second time effectively operates as a reminder. *See* R. Doc. 24-1 at 16-17.
[9] R. Doc. 31 at 9.
[10] R. Doc. 31 at 10.

opposition to certification, Defendants reject Plaintiff's proposals regarding the form, content, and methods of notice.

## **LAW AND ANALYSIS**

The FLSA establishes labor standards for minimum wage, overtime pay, and record keeping requirements, and creates a private right of action for employees when these rights are violated.[11] Under § 216(b) of the FLSA, one or more employees may pursue a collective action against an employer if all plaintiffs (1) are "similarly situated," and (2) give consent in writing, filed in the court in which the action is brought.[12] The FLSA does not establish a test to determine whether employees are "similarly situated" but courts in the Fifth Circuit apply the two-step process articulated in *Lusardi*.[13]

The first determination is made at the "notice stage" where the district court makes a decision based on pleadings and affidavits submitted by the parties to determine whether to give notice of the action to other potential class members.[14] Because the court has minimal evidence at this stage, courts use a lenient standard that typically results in certification.[15] If a district court "conditionally certifies" the class, putative class members are given notice and an opportunity to "opt-in" to the action as a representative throughout discovery.[16] Although a lenient standard, "general allegations that an employer violated FLSA are insufficient."[17] Typically, courts require

---

[11] 29 U.S.C. §§ 206(a)(1), 207(2)(1), 216(b).
[12] 29 U.S.C. §216(b) (otherwise known as the "opt-in" procedure).
[13] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (1987). *See e.g. Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224 at *2 (E.D. La. Aug. 21, 2007) (stating that district courts in the Fifth Circuit have uniformly used the *Lusardi* approach to determine whether a collective action should be certified under FLSA); *England v. New Century Financial Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005) (finding that the Eastern District of Louisiana more often used the *Lusardi* approach); *Lang v. DirecTV, Inc.*, No. 10-1085G1, 2011 WL 6934607 at *7 (E.D. La. 2011) (applying the *Lusardi* approach because it is the more common and routinely used by courts in the Eastern District).
[14] *Mooney v. Aramco Servs. Co.*, 53 F.3d 1207, 1214 (5th Circ. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).
[15] *Id*.
[16] *Id*.
[17] *Chapman v. LHH Grp. Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014).

only a modest factual basis and do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[18] Further, some variation between potential claimants is not determinative of lack of similarity.[19]

The Court finds that conditional certification is not appropriate in this case due to the individualized nature of the facts alleged and the absence of an actionable FLSA violation. At the notice stage, courts determine whether plaintiff and putative opt-ins are "similarly situated" based upon allegations in the complaint supported by affidavits.[20] After reviewing these materials, the Court finds the complaint and affidavits do not substantially allege that the named Plaintiffs and putative class members were victims of a single decision, policy, or plan. While some variation between claims is not fatal to a plaintiff's quest for collective certification, there must be an element of uniformity to create a reasonable inference that an employer is directing and exercising an unlawful policy.[21] Here, the complaint and affidavits do not allege supervisors prevented or denied employees the opportunity to claim overtime by correcting their timesheets. The Court accepts employees were subjected to auto deductions, a policy that this District recently held does not, by itself, violate the FLSA.[22] Significantly, the declarations made here are void of explanation as to *why* their timecards were not corrected.[23] The Court agrees that the facts of this case mirror that of *Piazza* and, without more, class certification is not necessary, and declarants may pursue

---

[18] *See id* (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J 1988)).
[19] *Id. See also, e.g., Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 at *2 (E.D La. May 24, 2004) (similarity standard met where current and former employees were subject to the same company-wide payment policies); *Crain v. Helmrich and Pain International Drilling Co.*, No. 92-0043, 1992 WL 91946, at *2 (E.D. La. April 16, 1992) ("similarly situated" requirement met where employees were subject to a company-wide policy that deprived them of payment for engaging in mandatory job-relating meetings and trainings).
[20] *Mooney*, 54 F.3d at 1213-14; *Donohue v. Francis Servs.*, Inc., No. CIV.A. 04-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004).
[21] *Supra* note 18.
[22] *Piazza v. Assoc. Wholesale Grocers, Inc.*, No. 17-10289, 2019 WL 1862645 at *1 (E.D. La. April 25, 2019) (finding an automatic deduction policy for lunch breaks does not, by itself, violate the FLSA where employee manual provides a procedure for correcting timecard errors).
[23] *Id*. (emphasis added)(holding Plaintiff must present some evidence that the potential class members are similarly situated with respect to why their time was not corrected).

the merits of their individual claims. Accordingly, because the Court finds no actionable claim for collective action under the FLSA, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Certification of Collective Action and Request for Notice to Putative Class Members[24] is **DENIED** and Plaintiff's duplicative motion is declared **MOOT**.[25]

**New Orleans, Louisiana**, on this 19th day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[24] R. Doc. 24
[25] R. Doc. 14.