MINUTE ENTRY
ROBY, M.J.
4/7/2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON VERRETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1035** |
| **PELICAN WASTE AND DEBRIS, LLC** | **SECTION: "T" (4)** |

LAW CLERK:       Destinee N. Andrews
COURT REPORTER:  Nichelle Drake

Appearances:   **Carter Tilden Hastings & Lauren E. Braddy** for Plaintiffs.
**Thomas J. Cortazzo** for Defendant.

## MINUTE ENTRY AND ORDER

Before the Court is a **Motion for Protective Order (R. Doc. 69)** filed by the Defendant Pelican Waste and Debris, LLC seeking a protective order that Defendant is not required to respond to Plaintiff Brandon Verrett's First Set of Discovery in accordance with the recent decision in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430, 2021 U.S. App. LEXIS 827 (5th Cir. 2021). The motion is opposed. R. Doc. 74. The motion was heard via videoconference on April 7, 2021.

### I.   Background

On March 27, 2020, Plaintiff Verrett brought this collective action pursuant to the Fair Labor Standards Act ("FLSA"), to recover unpaid wages, overtime wages, and other applicable penalties. R. Doc. 1. Plaintiff filed this action on behalf of himself and all other persons who are current and former non-exempt employees of Defendant Pelican Waste and Debris, LLC ("Pelican") who have worked as waste disposal drivers and were responsible for hauling waste and garbage to the appropriate facilities. *Id.* Plaintiff alleges, *inter alia*, that Pelican automatically deducted a thirty

MJSTAR: 00:30

(30) minute lunch mealtime every workday when drivers regularly worked through lunch. *Id.* Verrett also alleges that drivers were not compensated for time spent performing mandatory pre-route and post-route vehicle inspections. *Id.* In addition, Verrett alleges that his supervisor clocked him out whenever his weekly hours approached sixty (60). *Id.*

On April 20, 2020 and then again on June 5, 2020, Plaintiff moved to conditionally certify this matter as a collective action pursuant to Section 216(b) of the FLSA and for approval of a written notice to the Putative Class Members. R. Docs. 14, 24.

On March 19, 2021, the District Judge denied Plaintiff Verrett's motions for conditional certification. R. Doc. 70. In denying the motion, the District Judge noted that there were no allegations in the complaint or supporting affidavits of an element of uniformity to create a reasonable inference that an employer is directing an exercising a single, common, unlawful policy. R. Doc. 70, p. 4. The Court, therefore, found that there was no actionable claim for collective action under the FLSA. R. Doc. 70, p. 5. However, in coming to that conclusion, the District used the two-step analysis to determine whether the employees are "similarly situated" as articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (1987). R. Doc. 70, p. 3. Notwithstanding, on January 12, 2021, two-months before the District Court's decision, the Fifth Circuit issued *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

In the motion for protective order before this Court, the Defendant argues Plaintiffs' discovery requests seek a voluminous amount of information that is unrelated to whether the putative class is similarly situated in accordance with *Swales*. R. Doc. 69-1, p. 1. As such, Pelican requests that the Court issue a protective order precluding Plaintiff from taking discovery until the Court may identify the facts and legal considerations material to determining whether any potential

2

members of the collective action in this case are similarly situated under the FLSA as required by *Swales*. R. Doc. 69-1, p. 2.

Plaintiffs contend that *Swales* does not prohibit class-wide discovery should it be useful to determining whether the class is similarly situated. R. Doc. 74, pp.7-8. Plaintiffs further argue that *Swales* does not explicitly prohibit merits-based discovery; thus, it should be allowed where Pelican in this case received the opportunity to conduct some merits-based discovery. R. Doc. 74, p. 8.

After the motion for protective order was filed, on March 23, 2021, Plaintiffs filed a Motion for Reconsideration requesting that they be allowed to conduct class-wide discovery and resubmit the motion for conditional certification using "all available evidence" pertinent to the FLSA's similarly-situated standard under the single-stage analysis mandated by the Fifth Circuit's recent decision in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021). R. Doc. 71. In that motion, the Plaintiffs noted the District Court's reliance on a lack of evidence as to why the timecards where not corrected in its order denying the motion for certifications. R. Doc. 71-1, p. 7.

Plaintiffs contend the failure of the District Court to allow Plaintiffs some preliminary discovery, especially where Defendant has already conducted and received individualized discovery, does not comport with the benefit of "all available evidence" standard set forth in *Swales*. *Id.* In addition, Plaintiff Verrett details a list of at least twelve (12) possible preliminary discovery requests he argues are necessary to determine how similarly situated is the putative class. R. Doc. 71-1, pp. 7-8. As such, the Plaintiffs request that the Court authorize preliminary class-wide discovery and that he may be allowed to resubmit his motion for certification within thirty-days following the close of preliminary class-wide discovery. R. Doc. 71-1, p. 2.

While there were at one point six members of the putative class, four plaintiffs have since withdrawn their consent forms. As such, only two members of the putative class remain.

## II.     Standard of Review

Discovery of documents, electronically stored information, and things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Finally, Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of

potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

### III. Analysis

In *Swales*, the Fifth Circuit squarely rejected *Lusardi*'s two-step certification rubric. *Swales*, 985 F.3d at 439. In discussing *Swales*' impact on discovery in FLSA collective actions, the Fifth Circuit stated the District Court need to identify and set forth the parameters of discovery at the outset of the case as well as what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." *Id.* at 441. The Fifth Circuit further stated:

> [T]hen [the Court] should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from *Lusardi*, should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

*Id.*

It is unclear the effect *Swales* will have on the District Court's ultimate disposition regarding certification. Notwithstanding, it is clear to the Court that the Fifth Circuit contemplated some

preliminary discovery should occur. It is this Court's opinion that *Swales* grants putative class plaintiffs the opportunity to gather discovery to prove how similarly situated potential members of the opt-in class are prior to the decision on certification.

This is not to say some merits-based discovery is not permissible. In *Swales*, the Fifth Circuit was clear some merits-based discovery should be permissible prior to the decision on certification if the merits-based discovery is somehow intertwined with a dispositive threshold matter. *Id.* The Fifth Circuit, however, did not open the door for all merits-based discovery to proceed pre-certification stage. In fact, the Fifth Circuit noted that the *Lusardi* approach to collective actions has caused district courts to cross the line from case-management to claims-solicitation and exacerbated abuse and using claims as settlement leverage for unwarranted litigation. *See id.* at 435, 442. As such, the Court simply cannot permit expansive merits-based discovery.

In this situation, Plaintiff has had no opportunity to propound any discovery—preliminary or merits-based. While the District Court originally denied the motion for certification, that decision is currently under reconsideration. R. Doc. 71. On April 5, 2021, after the motion for reconsideration was filed, the District Judge referred to the undersigned United States Magistrate Judge the task of setting forth the parameters of preliminary discovery as contemplated in *Swales*. R. Doc. 78. As such, even though certification was denied, the Court will permit some discovery, which may include limited class-based discovery, to aid the Court in deciding the motion for reconsideration.

Although Plaintiffs only identify fourteen (14) common questions to determine how similarly situated Plaintiffs are in their memorandum, Plaintiffs' first set of discovery requests includes eighteen (18) interrogatories, fifty-nine (59) requests for production (one of which has at least fifty-five (55) discrete subparts), and forty-seven (47) requests for admission. *See* R. Doc. 69-2. Many of these requests go far beyond the bounds of preliminary discovery contemplated in

6

*Swales*. Solely merits-based discovery requests at this point are premature. The Plaintiffs' discovery requests must be limited to those preliminary questions addressing commonality in claims. Thus, under the Rule 26's proportionality standard, the Court finds these discovery requests pose undue burden. The Court, therefore, grants Defendants' motion for a protective order.

The Court, notwithstanding, will allow Plaintiffs to take a second bite of the proverbial apple. The Plaintiffs shall redraft their discovery requests and *sharply* tailor the requests to questions within the confines of preliminary discovery. Specifically, the Court notes that evidence of timecard correction practices, the focal point of the District Court's decision in originally denying the motion for certification, should be of particular import. The Plaintiffs then shall submit the requests for discovery to both the Court and defense counsel for review.

In addition, the litigants shall participate in status conference in which the Court will set the parameters of preliminary discovery necessary in this case and authorize the proposed discovery requests accordingly. In addition, in preparation for this status conference and based on issues raised at this hearing, the Court instructs Plaintiffs to submit: at least three case examples of where *Lusardi* does not permit class certification discovery at the stage one, one FLSA case that involves scope of discovery for waste truck drivers, and one case that involves waste truck drivers' GPS tracking records via its eFile box.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Protective Order (R. Doc. 69)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall redraft their discovery requests to exclude solely merits-based discovery as consistent with this opinion and send it to the Court via its eFile box and defense counsel for review **no later than Monday, April 19, 2021**.

**IT IS FURTHER ORDERED** that the Plaintiffs shall provide the Court with the following case examples: three case examples of where *Lusardi* does not permit class certification discovery at the stage one, one FLSA case that involves scope of discovery for waste truck drivers, and one case that involves waste truck drivers' GPS tracking records via its eFile box **no later than Wednesday, April 21, 2021**.

**IT IS FURTHER ORDERED** that Defendant may respond to indicating any disagreement to the individual discovery requests Court via letter to its eFile box **no later than Friday April 23, 2021**.

**IT IS FURTHER ORDERED** that all parties shall attend a status conference **via video conference** before the undersigned United States Magistrate Judge at **10:00 a.m. on Tuesday, April 27, 2021**. The undersigned's chamber shall provide further instruction on initiating the video conference call with the Court via email communications.[1]

New Orleans, Louisiana, this 15th day of April 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.*